UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JOHN COPLEY,

        Petitioner,

v.                                                                                          CASE NO. 4:06-cv-12435
                                                                                            HON. PAUL V. GADOLA
OAKLAND COUNTY CIRCUIT COURT,
MICHIGAN DEPARTMENT OF CORRECTIONS,
and OAKLAND COUNTY, INC.,

        Respondents.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Christopher John Copley, a state inmate, has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted in 1991 of larceny by conversion and doing business without a licence. The trial court sentenced Petitioner as a habitual offender to a term of imprisonment of one to twenty years.

Petitioner filed his habeas corpus petition on May 31, 2006. Petitioner seeks relief on the grounds that: (1) the prosecutor failed to disclose evidence favorable to him, (2) he was denied effective assistance of counsel, (3) his guilty plea was unlawfully induced and was not voluntary and knowing, and (4) the statute prohibits imprisonment past the statutory maximum.

Federal court records indicate that Petitioner has filed other habeas corpus petitions. A habeas petition filed in 2001 challenged the same convictions as the convictions under attack in the pending habeas petition. United States District Judge Gerald E. Rosen dismissed that habeas

petition as untimely. *See Copley v. Kapture*, No. 2:01-cv-72754 (E.D. Mich. Mar. 27, 2002). A habeas petition dismissed for an unexcused procedural default, such as the failure to comply with a statute of limitations, is a dismissal on the merits. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Therefore, Petitioner's current application is a second or successive habeas corpus petition. *See id*.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The United States Court of Appeals for the Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

In the instant case, Petitioner has not alleged or otherwise demonstrated that he has received certification from the Court of Appeals for the Sixth Circuit to file a second or successive habeas

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

petition challenging the same convictions.  Consequently, this Court may not now consider the merits of Petitioner's claims but instead, must transfer the petition to the Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's second or successive motion for a writ of habeas corpus shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for the proper certification.

**SO ORDERED.**

Dated:   July 27, 2006            s/Paul V. Gadola
                                  HONORABLE PAUL V. GADOLA
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on    July 27, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: 												, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Christopher Copley                                                                                                                      .

                                  s/Ruth A. Brissaud
                                  Ruth A. Brissaud, Case Manager
                                  (810) 341-7845

3